UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

IN RE:                              *
                                    *
MATILDA FRAZIER,                    *          Chapter 13
                                    *
            Debtor(s)               *          No. 06-40049
                                    *

### ORDER DENYING MOTION FOR REHEARING
### OR RECONSIDERATION

THIS CASE came on for hearing March 16, 2006, on the Motion of Centex Home Equity Company, LLC (Centex) for Rehearing or Reconsideration of this Court's order entered on February 22, 2006 imposing the automatic stay in this Chapter 13 case.  Appearing at the hearing were Leigh Hart, Chapter 13 Trustee; Allen Turnage, attorney for the Debtor; and James Sorenson appearing as local counsel for Daniel Consuegra, the attorney for Centex Home Equity.

The debtor in this case filed a petition for relief under Chapter 13 on February 17, 2006.  At the time the petition was filed, a foreclosure sale of her residence was scheduled by Centex on the following Friday, February 24, 2006.  Within the previous twelve (12) month period, this debtor had been in two previous cases which were dismissed and accordingly, pursuant to the provisions of 11 U.S.C. § 362(c)(4)(A)(i), a new section of the Bankruptcy Code under BAPCPA, the automatic stay of § 362(a) did not go into effect upon the filing of this case.  Along with the petition for relief, the debtor filed an emergency motion under § 362(c)(4)(B) requesting this Court to order the stay to take effect in this case.  Due to the impending foreclosure sale scheduled for February 24, and the fact that the Court would be traveling to the outlying divisions

of the Court from the afternoon of February 22 through the afternoon of February 24, a hearing was scheduled on the Debtor's emergency motion the morning of February 22. Prior to filing the Emergency Motion for Imposition of the Automatic Stay, Debtor's counsel called the Law Office of Daniel Consuegra, counsel for Centex in the Debtor's prior case, and requested to speak personally with Mimi Vu, the attorney in that office who had handled the previous case. Debtor's counsel was unable to speak with an attorney but was advised by Ms. Vu's legal assistant that they would not consent to the imposition of the automatic stay. Upon filing the motion, Debtor's counsel served Ms. Vu by mail and by facsimile. Upon receipt of the Notice of Hearing prepared by the Clerk's Office, Debtor's counsel faxed that notice to Ms. Vu's office.

At the hearing on February 22, only the Debtor, Debtor's counsel, and the Chapter 13 Trustee appeared. There was no response nor any communication from counsel for Centex. At the hearing, the Court took testimony from the Debtor that established that since the dismissal of her previous case, she has taken on a second job and gone on payroll deduction in order to ensure that she will successfully complete this Chapter 13 plan. Based on the Debtor's testimony, I found that she had established by clear and convincing evidence that her case had been filed in good faith and accordingly the stay was imposed.

On March 3, 2006, nine days after the entry of the Order Imposing the Stay, Centex filed the instant Motion seeking rehearing for reconsideration of the Order Imposing the Automatic Stay. In its motion, Centex recites that it received a hard copy of the motion via regular mail on February 21, 2006 but it had no record of receiving a telephone call from Debtor's attorney nor any record of receiving a facsimile of the motion. Centex alleges that it did not receive sufficient time to prepare for or respond to the hearing on February 22. The Motion, however, was not

accompanied by any affidavit or declaration to substantiate the allegation that Creditor did not receive any notice on February 17th, nor did the Creditor present any evidence of such at the hearing. Even though the hearing on the Creditor's motion was scheduled and noticed on March 7, 2006, no attorneys from the law firm representing Centex appeared at the hearing but instead, they retained local counsel to appear with no evidence to present and minimal knowledge of the case.

There is no question but that Centex did not receive much advance notice of the hearing on Debtor's emergency motion. This situation was unfortunate however, under the circumstances unavoidable. Had the Court waited longer to schedule the hearing on Debtor's emergency motion, the foreclosure sale scheduled for February 24 would have been completed and any relief for the Debtor would have been rendered meaningless. While § 362(c)(4)(B) requires notice and hearing before the Court can impose the stay, the Bankruptcy Code's definition of "notice and hearing" as contained in § 102(1) leaves it to the Court to determine what is appropriate in the particular circumstance. ***In re Collins***, 334 B.R. 655 (Bankr. D. MN 2005). Given the exigencies of this situation, I find that the notice given to Centex was appropriate under the circumstances. At the hearing on reconsideration, Centex's counsel conceded that their opposition to the imposition of the automatic stay would have consisted primarily of the Debtor's history of filings and the dealings between the Creditor and the Debtor. All of this information is within the possession of Centex attorneys or immediately available online through the Court's electronic dockets. Notwithstanding the fact that the law office of Daniel Consuegra is located in Tampa, the advent of electronic filing under CM/ECF permits them to view documents that are filed immediately as they are docketed and to file documents online without any delay. Any lack of opportunity to respond, prepare, and attend the emergency hearing is a result of the internal practice of the law

office coupled with the Creditor's decision to use a law firm located in Tampa, Florida to handle cases in the Northern District of Florida.  While there is nothing wrong with law firms in one part of the state handling cases all over the state[1], this is not a justification for not being able to promptly respond to emergency matters as they arise.  The apparent lack of organization to deal with this type of matter in the Creditor's attorney's office was exemplified at this hearing by the submission by Debtor's counsel of a facsimile he received from the Law Offices of Daniel Consuegra asking if he (Debtor's counsel) could cover this hearing for them as local counsel.

    The limited automatic stay for repeat filers is a major feature of BAPCPA which was passed by Congress at the behest of the credit industry.  Now that they have it, the credit industry, and especially the mortgage servicing companies and the law firms they retain to represent them, need to adapt their practices in order to deal with what they have created.  Since the effective date of BAPCPA, this Court has conducted evidentiary hearings on fifteen (15) Motions for the Extension or Imposition of the Stay in cases involving repeat filers.  In only one of those hearings did an attorney appear on behalf of the mortgagee, and that attorney was a local consumer debtor lawyer who had been retained at the last minute to make an appearance and argue against the extension of the stay.  While in this case, notice was admittedly short, the experience of this Court in other cases suggests that even with another week's notice nothing would have changed.  The Creditor has made no demonstration of any prejudice due to the short notice for the hearing.  Accordingly, the Motion for Rehearing or Reconsideration is hereby DENIED.

---

[1] This Court accommodates such practice by conducting all preliminary hearings on Motions for Relief from the Automatic Stay telephonically.

DONE AND ORDERED at Tallahassee, Florida, this  17th   day of  March    , 20 06 .

_____
LEWIS M. KILLIAN, JR.
Bankruptcy Judge

5